UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
CENTRAL DIVISION

| | |
|---|---|
| ROBERT W JOHNSON,<br><br>  Plaintiff,<br><br>vs.<br><br>WENDYS CO,<br><br>  Defendant. | 3:24-CV-03021-LLP<br><br>ORDER DISMISSING COMPLAINT |

Plaintiff, Robert W. Johnson, filed a pro se lawsuit under 42 U.S.C. § 1983 against Wendys Co alleging generally discrimination, civil rights violations, and due process violations. Doc. 1. Johnson claims that on September 6, 2024, while employed at Wendys, he was assaulted and injured. *Id.* at 4. He also claims that he was illegally terminated by Manager Sarah.[1] *Id.*

"[F]ederal courts are courts of limited jurisdiction." *United States v. Afremov*, 611 F.3d 970, 975 (8th Cir. 2010). A district court "has a special obligation to consider whether it has subject matter jurisdiction in every case." *Hart v United States*, 630 F.3d 1085, 1089 (8th Cir.

---

[1] A search on PACER shows that Johnson has filed nearly identical lawsuits against Wendys in at least five other districts. *See Johnson v. Wendy's Restaurant*, 1:2024-CV-00303 (D.N.H.); *Johnson v The Wendys Co*, 4:2024-CV-00323 (S.D. Iowa); *Johnson v Wendys Restaurant*, 1:2024-CV-00398 (D. Haw.); *Johnson v. Wendys Restaurant LLC*, 2:2024-CV-07918 (C.D. Cal.); *Johnson v The Wendys Co*, 3:2024-CV-00205 (D. Alaska). From a search on PACER, Johnson appears to be a serial litigator filing multiple, nearly identical suits in different districts, against various defendants. *See* PACER, Public Access to Court Electronic Records, *Case Locator*, https://pcl.uscourts.gov (last visited Oct. 3, 2024). In 2024 alone, Johnson has filed approximately one-hundred lawsuits in federal district courts, according to PACER. *Id.* Several courts have also warned Johnson about filing groundless or frivolous suits or enjoined him from filing without court leave. *See, e.g Johnson v Colvin Post Off*, 2024 WL 4240338, at *1 (D. Me. Sept. 19, 2024) (recommending enjoining Johnson from filing in the District of Maine without obtaining prior court permission); *Johnson v Coe*, 2019 WL 3543542, at *4 (S.D. Ohio Aug. 5, 2019) (barring Johnson from filing suit without court leave); *Johnson v. Vera House, Inc*, 2022 U.S. Dist. LEXIS 48312, at *12 (D. Conn. Mar. 18, 2022) (enjoining Johnson from filing in District of Connecticut without leave of court).

2011). "This obligation includes the concomitant responsibility 'to consider *sua sponte* [the court's subject matter] jurisdiction . . . where . . . [the court] believe[s] that jurisdiction may be lacking.'" *Id.* (quoting *Clark v Baka*, 593 F.3d 712, 714 (8th Cir. 2010) (per curiam)). *See also* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). The subject matter jurisdiction of this Court may derive from the citizenship of the parties, *see* 28 U.S.C. § 1332, a federal question posed by the underlying lawsuit, *see* 28 U.S.C. § 1331, or special circumstances covered by federal statute.

Diversity jurisdiction exists when the parties are completely diverse, and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a). Complete diversity is "where no defendant holds citizenship in the same state where any plaintiff holds citizenship." *Junk v Terminix Int'l Co.*, 628 F.3d 439, 445 (8th Cir. 2010) (quoting *In re Prempro Prods. Liab Litig*, 591 F.3d 613, 620 (8th Cir. 2010)). "A corporation is deemed a citizen of the state where it is incorporated *and* of the state where it has its principal place of business." *Sanders v. Clemco Indus.*, 823 F.2d 214, 215 n.1 (8th Cir. 1987) (citing 28 U.S.C. § 1332). Johnson, the party seeking a federal forum, bears the burden of demonstrating that the parties are citizens of different states and identifying the place of incorporation and the principal place of business. *Id* at 216; *Sheehan v. Gustafson*, 967 F.2d 1214, 1215 (8th Cir. 1992). Johnson lists his address in New York, but he does not clearly identify where he is a citizen. He also lists an address for the defendant in New York, but he does not include Wendys's principal place of business or state of incorporation. Thus, he has not shown diversity of citizenship for diversity jurisdiction. *See Barclay Square Props v Midwest Fed. Sav & Loan Ass'n of Minneapolis*, 893 F.2d 968, 969 (8th Cir. 1990) ("When jurisdiction is based on diversity of citizenship, the pleadings, to establish diversity, must set forth with specificity the citizenship of the parties." (citation omitted)).

2

District courts have federal question jurisdiction over "civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. "A court does not obtain subject-matter jurisdiction just because a plaintiff raises a federal question in his or her complaint." *Biscanin v. Merrill Lynch & Co*, 407 F.3d 905, 907 (8th Cir. 2005) (citing *Hagans v Lavine*, 415 U.S. 528, 537–38 (1974)). "If the asserted basis of federal jurisdiction is patently meritless, then dismissal for lack of jurisdiction is appropriate." *Id.* (citing *Hagans*, 415 U.S. at 537–38). *See also Perpetual Sec., Inc v. Tang*, 290 F.3d 132, 137 (2d Cir. 2002) (finding claim foreclosed by circuit precedent was patently meritless and did not provide basis for federal question subject matter jurisdiction); *Bittner v. RBC Capital Mkts*, 331 F. App'x 869, 870–71 (2d Cir. 2009). "Dismissal for lack of subject-matter jurisdiction because of the inadequacy of the federal claim is proper only when the claim is 'so insubstantial, implausible, foreclosed by prior decisions of this Court, or otherwise completely devoid of merit as not to involve a federal controversy.'" *Steel Co v Citizens for a Better Env't*, 523 U.S. 83, 89 (1998) (quoting *Oneida Indian Nation of N. Y v Cnty of Oneida*, 414 U.S. 661, 666 (1974)).

Although Johnson alleges a § 1983 claim against Wendys, that claim does not confer federal question jurisdiction because it is patently meritless. *See Hudson v Wilford, Geske & Cook, P A*, 2016 U.S. Dist. LEXIS 79493, at *10, 14–15 (D. Minn. June 17, 2016); *Spartz v Menning*, 2021 U.S. Dist. LEXIS 27877, at *20 (D. Minn. Jan. 18, 2021), *adopted by* 2021 U.S. Dist. LEXIS 27331 (Feb. 12, 2021); *Ellis v Bank of Am*, 2007 WL 2301231, at *1 (E.D. Ark. Aug. 9, 2007). Claims under § 1983 can only be brought against a person who acts under color of state law to deprive another person "of any rights, privileges, or immunities secured by the Constitution and laws[.]" 42 U.S.C. § 1983. *See also Youngblood v Hy-Vee Food Stores, Inc.*, 266 F.3d 851, 855 (8th Cir. 2001) ("Only state actors can be held liable under Section 1983."

(citing *Adickes v S H Kress & Co.*, 398 U.S. 144, 150 (1970)); *West v. Atkins*, 487 U.S. 42, 48–49 (1988)). Johnson does not allege that Wendys is a state actor or involved in any joint activity with a state actor. *See generally* Doc. 1. Thus, Johnson's asserted claim for jurisdiction, § 1983, is patently meritless.

Johnson also alleges discrimination and due process violations. Doc. 1 at 3. But Johnson has not cited a federal statute or claim providing federal question jurisdiction for alleged discrimination. *See generally id.* Due process claims cannot be brought as a direct cause of action under the Fourteenth Amendment. *Wax 'n Works v. City of St Paul*, 213 F.3d 1016, 1019 (8th Cir. 2000) (citing *Jett v Dallas Indep Sch. Dist.*, 491 U.S. 701, 735 (1989)). Because Johnson's asserted basis for jurisdiction is patently meritless, he has not alleged federal question jurisdiction. Therefore, this Court lacks subject matter jurisdiction over Johnson's claims, and Johnson's complaint is dismissed without prejudice under Federal Rule of Civil Procedure 12(h)(3) for lack of subject matter jurisdiction.

Even if Johnson were to refile his complaint after fixing the jurisdictional deficiencies, the District of South Dakota is not the proper venue for him to bring suit. Venue is generally proper in a district where the defendant resides or where "a substantial part of the events or omissions giving rise to the claim occurred . . . " 28 U.S.C. § 1391(b). "The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). Johnson has not shown that the District of South Dakota is the proper venue for him to bring suit.

Accordingly, it is ORDERED:

1. That Johnson's complaint, Doc. 1, is dismissed without prejudice under Rule 12(h)(3).

2. That Johnson's motion for leave to proceed in forma pauperis, Doc. 2, is denied as moot.

DATED October 7th, 2024.

ATTEST:
MATTHEW W. THELEN, CLERK

_Matthew Thelen_

BY THE COURT:

_Lawrence Piersol_
Lawrence L. Piersol
United States District Judge